# United States Court of Federal Claims
No. 14-1204 C
August 12, 2016

|  |  |  |
|---|---|---|
| **KANE COUNTY, UTAH,** | ) | |
| | ) | Payment in Lieu of Taxes Act (PILT); |
| *Plaintiff*, | ) | Statutory Formulae To Reimburse; |
| | ) | Inability To Tax Federal Lands; Budget |
| **v.** | ) | Control Act of 2011; Taxpayer Relief |
| | ) | Act of 2012; Motion To Dismiss for |
| **UNITED STATES OF AMERICA,** | ) | Failure To State a Claim |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

*Alan I. Saltman,* Smith, Currie & Hancock LLP, Washington, DC, for plaintiff.

*Mark E. Porada,* United States Department of Justice, Civil Division, Washington, DC, for defendant.

## OPINION AND ORDER

**HODGES,** *Senior Judge*.

The United States Government owns most of the land in Kane County, Utah, through its Bureau of Land Management, the National Park System, and the National Forest System. This qualifies plaintiff for reimbursement of cost of services it provides to federal entities within its confines pursuant to the Payment in Lieu of Taxes Act (PILT). 31 U.S.C. § 6901.

Congress created PILT to compensate local governments such as counties for the loss of tax revenue stemming from their inability to tax federal lands located within their jurisdictions. Payments to these local governments are calculated according to statutory formulae that reimburse counties for their costs of providing services such as power, water, and fire protection to "entitlement lands" owned by the United States. *See* 31 U.S.C. § 6901(1)(A).

Congressional appropriations needed to fund PILT Act payments were reduced by approximately five percent across the board in 2013. Budget Control Act of 2011, Pub. L. No. 112-25, 125 Stat. 240; Taxpayer Relief Act of 2012, 31 U.S.C. § 6901, Pub. L. No. 112-240, 126 Stat. 2313. This left a shortfall of $54,793 in the amount defendant owed Kane County according to the statutory formula.

Kane County filed a class action on December 16, 2014, contending that the PILT Act created an obligation binding on the United States Government to pay PILT funds to qualified counties irrespective of sequestration. The class would comprise all counties in the United States

whose PILT funds were reduced because of the 2013 federal budget sequester. Plaintiff filed a motion for summary judgment and a motion to certify the class. According to defendant, the sequestration legislation mandated a spending reduction for all non-exempt programs. As PILT funds were not exempted by the Taxpayer Relief Act, defendant argues that no obligation could have been created in Kane's favor, or in favor of any other county in the putative class. The motions were transferred to this court in April of this year, along with defendant's cross-motion to dismiss.

Congress passed amendments in 2012 to make full funding of the PILT program mandatory through 2013. The amendments provided that payments to Kane County and to other counties qualified under the PILT program could not be reduced because of insufficient appropriations in a given year. However, the Taxpayer Relief Act of 2012 contains language that overrides the 2012 full-funding requirement. The issue therefore is, which statute controls: the PILT Act amendments in 2008 requiring that payments be fully funded, or the later Taxpayer Relief Act providing that appropriations be reduced "notwithstanding any other provision of law."

For the reasons stated below, we must grant defendant's motion to dismiss.

## BACKGROUND

This case arises from a conflict between Congress' passage of the Payment in Lieu of Taxes Act of 1976 (PILT), and its later enactment of the Taxpayer Relief Act of 2012. *See* 31 U.S.C. § 6901, Pub. L. No. 112-240, 126 Stat. 2313. The PILT Act originally provided that local governments would be eligible for payments "only as provided in appropriations laws." 31 U.S.C. § 6906. An amendment in 2008 changed that language to provide that local government units "*shall* be entitled to payment," and that appropriated "sums *shall* be made available . . . for obligation or expenditure." (emphasis added). This effectively made payments to counties and other eligible PILT-recipient jurisdictions mandatory through 2012. Pub. L. No. 110-343, 122 Stat. 3911, 31 U.S.C. § 6906 (2012). Later, Congress extended the mandatory language through 2013. Pub. L. No. 112-141, 126 Stat. 906, 31 U.S.C. § 6906 (2013).

Congress passed the Budget Control Act in 2011. Pub. L. No. 112-25, 125 Stat. 240. The Budget Control Act amended the Balanced Budget and Emergency Deficit Control Act of 1985. 2 USCS §§ 901-907. The amendment required Congress to reduce the federal budget deficit by a stated amount, or direct the Executive Branch to reduce discretionary appropriations and direct spending across the board. Congress did not propose or pass additional deficit reduction legislation. However, it did enact the Taxpayer Relief Act of 2012, which set the parameters for implementation of blanket spending reductions required by the Budget Control Act.

The Taxpayer Relief Act became effective in 2013, providing that the Executive Branch could sequester or reduce congressional appropriations for direct or discretionary spending programs "notwithstanding any other provision of law." Pub. L. No. 112-240, 126 Stat. 2313. The Act listed a number of programs that were exempt from the automatic sequester provision, including veterans benefits, retirement and disability accounts, and Social Security. PILT was not listed among the exempt programs.

## DISCUSSION

Plaintiff contends that the PILT Act created an obligation for the Government to pay Kane County the full amount calculated by the PILT formula, irrespective of sequestration or budgetary reductions to appropriations for the program. Defendant asserts that the issue of whether the Government had an obligation to Kane County is irrelevant because the sequestration legislation mandated spending reductions for all non-exempt programs, and PILT payments are non-exempt. This argument begs the central question in dispute -- whether the sequestration legislation mandated a spending reduction for all non-exempt programs.

The question of whether defendant was obligated to pay Kane County a sum calculated by the PILT statute for 2013 is one of statutory construction. The amendments to the PILT Act in 2008 were clearly intended to achieve that result, but the later-enacted language of the Taxpayer Relief Act of 2012 includes the "notwithstanding" language described above. Does the language of the Taxpayer Relief Act, "notwithstanding any other provision of law," negate the PILT amendments' attempt by Congress to guarantee full payment of PILT funds to counties and other local governments?

The parties agree that PILT is not listed as an exempt program by the Budget Control Act or Taxpayer Relief Act. Kane County contends instead that the PILT Act created a federal government obligation to pay the funds to eligible counties irrespective of sequestration or budgetary reductions to congressional appropriations made to fund the program. Plaintiff argues that the 2008 amendments to the PILT Act created an "unconditional" obligation that compelled the Government to fund annual PILT payments in full for each fiscal year through 2012, and by later amendments through 2013. Furthermore, the appropriation for PILT had already been made before the fiscal year 2013 extension of the mandatory language of the 2008 PILT amendments. Any reductions to the availability of those funds by the sequestration legislation could not terminate the Government's "valid and binding" obligation to pay PILT funds to the counties.

The Government responds that the 2013 extension of the 2008 PILT amendments is irrelevant to the question of whether the full appropriation of funds to PILT was available, and whether an obligation binding on the Government to disburse those funds existed. The Taxpayer Relief Act mandated sequestration of all non-exempt programs, including PILT, by rescinding prior statutory authorizations to them and by subjecting them to across-the-board spending reductions. The Taxpayer Relief Act is the more recently-passed law, and it mandated deficit reduction "notwithstanding any other provision of law."

The Court of Appeals for the Federal Circuit decided a case similar to this one in 2007. *See Greenlee County v. United States*, 487 F.3d 871 (Fed. Cir. 2007). The *Greenlee* decision was issued prior to congressional enactment of the 2008 amendments however, and did address the situation where a later-enacted statute conflicts with existing laws. As a general principle, later expressions of legislative intent are considered to be binding on laws enacted earlier. *See, e.g.*, *Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012) ("statutes enacted by one Congress cannot bind a later Congress, which remains free to repeal the earlier statute, to exempt the current statute from the earlier statute, to modify the earlier statute, or to apply the earlier statute but as modified."); *Yankee Atomic Elec. Co. v. United States*, 112 F.3d 1569, 1577 (Fed. Cir. 1997) (stating, "because the legislature has absolute authority and acknowledges no superior power, it cannot be bound by acts of a prior legislature."). One effect of plaintiff's arguments would be to

add PILT appropriations to the list of exempt entities in the sequestration statute. Where exceptions to a statute exist, however, it is presumed that the listed exceptions are the only exceptions intended. *See, e.g.*, *Ventas, Inc. v. United States*, 381 F.3d 1156, 1161 (Fed. Cir. 2004) ("Where Congress includes certain exceptions in a statute, the maxim *expressio unius est exclusio alterius* presumes that those are the only exceptions Congress intended.").

The 2008 amendments did provide that payments could no longer be limited by overall amounts appropriated by Congress in fiscal years 2012 and 2013. Those amendments used mandatory language to direct payment under PILT irrespective of reduced appropriations because qualified recipients "shall be entitled to payment under" PILT. Also, "[s]ums shall be made available to the Secretary of the Interior for obligation or expenditure." However, by providing that the Budget Control Act "shall" be implemented "notwithstanding any other provision of law," Congress required reductions to the non-exempt PILT program, notwithstanding the 2008 amendments to PILT.

The Taxpayer Relief Act altered the mandatory nature of PILT's funding payout regime for 2013. Language of the Budget Control Act and the Taxpayer Relief Act stated that "[b]udgetary resources sequestered from any account shall be permanently cancelled." 2 U.S.C. § 906(k)(1). This created a result for 2013 similar to that discussed by the Federal Circuit in 2007, in that funding for PILT was limited to the reduced funds available under the sequester. By passage of the Taxpayer Relief Act, Congress diminished funds available to PILT and other spending programs, and altered their funding authority as well.

## CONCLUSION

This case requires resolution of a conflict between Congress' intent as established by PILT amendments enacted in 2008 and 2012, and Congress' intent in enacting the Taxpayer Relief Act of 2012. The discussion above establishes that normally, later expressions of Congress will control. Moreover, when a statute provides exceptions to its mandate, we must assume that exceptions listed in the statute are the only exceptions intended.

Following sequestration, counties across the nation were faced with reductions in reimbursements for their services to federal government entities, even though their payments had been established by Congress and guaranteed later by strengthening amendments. These local governments, of course, must include plaintiff Kane County.

Defendant's motion to dismiss is GRANTED. Plaintiff's motion for summary judgment is DENIED. Plaintiff's motion to certify the class is MOOT and therefore DENIED. The Clerk of Court will dismiss plaintiff's case according to the terms of this Opinion and Order.

**IT IS SO ORDERED.**

*s/Robert H. Hodges, Jr.*
Robert H. Hodges, Jr.
Senior Judge